BETSEY GORDON v. BENJAMIN F. FARRINGTON.

*Replevin by trustee in bankruptcy—Oral evidence.*

A trustee in bankruptcy can maintain replevin for property belonging to the bankrupt but held by one who claims under a contract purchaser who has not fulfilled the terms of the contract.

Oral evidence is admissible, if no objection is made, to show that plaintiff in replevin is trustee in bankruptcy of the owner of the property, and that his previous right as assignee of the owner is not cut off by the decree in bankruptcy so far as relates to the right to maintain the action.

Error to St. Clair.   Submitted June 22.   Decided June 29.

REPLEVIN.   Defendant brings error.   Affirmed.

*O'Brien J. Atkinson* and *Elliott G. Stevenson* for plaintiff in error.   Adjudication of bankruptcy divests the bankrupt of all right to his property: *Exp. Foster* 2 Story 131; *Matter of Cook* id. 376; *Smith v. Eaton* 36 Me. 298; *Plestoro v. Abraham* 1 Paige 237; *Howard v. Crompton* 14 Blatch. 328.

*C. K. Dodge* and *A. E. Chadwick* for defendant in error.

GRAVES, J.   This controversy concerns the right to an organ.   The defendant in error took the instrument on replevin and recovered.   Prior to October 19, 1876, one Roe Stephens owned the organ and left it with Charles F. Colwell at London, Ontario, to be disposed of, and he, at the date mentioned, leased it to one Abel Scott, who was to be allowed to purchase on certain terms.   The title was not to pass without payment of the purchase price.   Scott has never paid anything, and prior to this suit the property and right of possession were in Stephens.

Scott removed the property to Port Huron and the plaintiff in error derived her claim through him.   Stephens assigned his right to Farrington, who thereby became entitled to have the organ unless Stephens' right was cut off by his bankruptcy, so that nothing passed from him to Farrington, and it is claimed by plaintiff in error that the evidence shows that this was the case, and in support of this view reliance is placed on the order found in the record by which Stephens was adjudged a bankrupt on the sixth of October, 1877.   But there is nothing in this order to militate against the right claimed by Farrington, since he may have been the trustee in bankruptcy and have become entitled in that character.   And all question on the subject is removed because it appears by the oral evidence, which was not objected to, that Farrington was in fact such trustee and hence vested with the right which Stephens held.

The objections now insisted on to certain parts of the depositions of Colwell, Raymond and Dyer have no force and do not require comment.

This disposes of the case and requires an affirmance of the judgment with costs.

The other Justices concurred.